IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                 Case No.  2:14-cr-106 (1-3)
     v.                                     Judge Gregory L. Frost

PRESTON J. HARRISON, et al.,

       Defendants.

## ORDER

This matter came on for a hearing this 18th day of February, 2015 upon Defendants' Joint Motion to Suppress Evidence (ECF Nos. 59 & 65) filed on January 30, 2015 and February 2, 2015 as well as on the Government's Response (ECF No. 71) filed on February 13, 2005. Defendants, arguing "intentional, reckless misrepresentations and omissions, requested a hearing based on the authority of *Franks v. Delaware*, 438 U.S. 154 (1978).  The Government concedes that a single statement in the affidavit submitted for the search warrant that was issued was incorrect but disputes that the misstatement was made intentionally or recklessly and that it was a minor error that did not mislead the magistrate judge in issuing the search warrant.  At the hearing after receiving oral arguments on the issue, the Court found that Defendants made a preliminary showing that the affiant had made error in the affidavit by way of a false statement or omission, and that possibly, without the false statement or omission, probable cause for the issuance of the subpoena did not exist.

The Government thereafter produced Special Agent Gosiewski, U.S. Department of Treasury, Internal Revenue Service, Criminal Investigation, to testify.

First, Agent Gosiewski testified concerning a purchase agreement (Government Exhibit P-1) signed by Defendants, Thomas Jackson and Preston Harris, conveying all of their

membership interests in Imperial Integrative Health Research & Development, LLC ("Imperial") to Kevin Foster.  The agreement is dated March 28, 2013.  This is important because the Government argues that Defendants lack any reasonable expectation of privacy over the Imperial offices for which one of the search warrants was issued because Defendants had sold their interest in the company nearly one month before he each warrant was executed.

     The Government is correct.  Defendants lack the ability to challenge the search warrant issued to search the business located 8273 N. Green Meadows Drive, Suites 200 and 400, Lewis Center, Ohio. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978).  Defendants had sold their interests in the business located at that address and had ceased to be employees of Imperial and Oxywater.  Defendants presented no evidence to the contrary.  As previous owners and employees, they possess no interest in the property and therefore have no reasonable expectation of privacy in the premises.

     Much of Agent Gosiewski's testimony related to the statement in the affidavit that Forever Now was a daycare business.  As stated before, the Government concedes that the statement is incorrect but points to reasons why Agent Gosiewski made the statement.  First Agent Gosiewski testified that he inadvertently flipped the fact that Aunt Vena's Daycare, another business operated by Lovena Harrison, was in fact the daycare business and not Forever Now.  Additionally, Agent Gosiewski testified that the mistake was also made because the description on a Huntington Bank document (Government's Exhibit P-5) listed Forever Now as a child development business and that a Huntington Bank employee had told the agent that it was a daycare business.  Further, according to the witness, Defendant, Thomas E. Jackson, told the investigators that the Forever Now bank account was set up to operate a daycare business.

     Defendants argue that this false statement taints the affidavit.  They maintain that Forever

Now was a holding company for Imperial. Whether Forever Now was a hold company for Imperial is disputed by the Government and is an issue for trial. The issue before this Court at this juncture is whether the statement made by Agent Gosiewski was false, and if so, whether it was intentionally or recklessly made. Of course the statement was false but this Court finds that Agent Gosiewski did not intentionally or recklessly include the misstatement in the affidavit. And, if this Court were to remove the statement from the affidavit, ample probable cause for the issuance of the search warrant still exists.

Defendants also claim that Agent Gosiewski omitted some facts from the affidavit and that the omission constitutes a deliberate or reckless attempt to mislead the magistrate judge. Specifically, Defendants assert that Agent Gosiewski failed to include in the affidavit that some monies from the Forever Now account were returned to the Imperial account.

This omission does not affect the facts contained in the affidavit that provide the probable cause finding. The affidavit provides sufficient probable cause to lead the magistrate judge to believe that funds were being diverted from the Imperial account into the Forever Now account and that those funds were being used by Preston Harrison to purchase personal items and services to the detriment of the Imperial investors. Whether some of the funds were returned to the Imperial account from the Forever Now account does not change that probable cause determination.

Based on the totality of the circumstances, Magistrate Judge Kemp and Magistrate Judge King had a substantial basis to conclude that there was a fair probability that evidence would be found at Harrison's residence and the Imperial business offices. The affidavits in support of the search and seizure warrants contained adequate detail regarding the suspected activity of Defendants and the items expected to be found at the two locations, which is sufficient to

support the finding of probable cause to issue the warrants.  Further, Defendants have failed to show that the affiants' statements were deliberately or recklessly false.

The Joint Motions to Suppress Evidence are found to be not well taken and the Court **DENIES** the same.

**IT IS SO ORDERED.**

                                                     **/s/   Gregory L. Frost**
                                                 Gregory L. Frost
                                                 United States District Judge